# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**BRIAN K. SCHESSLER,**

              Petitioner,

    **v.**                                  **Case No.  14-C-25**

**PAUL KEMPER,**[1]
**Warden, Racine Correctional Institution,**
              Respondent.

---

# DECISION AND ORDER

---

      Pro se Petitioner Brian K. Schlessler ("Schlessler") intends to challenge the denial of his request for parole by the Wisconsin Parole Commission.  Because Schlessler  previously filed a petition for relief pursuant to 28 U.S.C. 2254 challenging his state criminal conviction, *Schlesser v. Smith,* No. 07-C-901 (E.D. Wis.), he filed an application with the Seventh Circuit Court of Appeals seeking authorization pursuant to 28 U.S.C. § 2244(b)(3) to file a successive or second petition.  The Court of Appeals responded with an Order denying the application as unnecessary because, although the type of action he wants to challenge may be the proper subject of a § 2254 petition, *Williams v. Wisconsin,* 336 F.3d 576, 579-80 (7th Cir. 2003), he did need that court's permission to file his petition because he had not brought a prior petition challenging the denial of his parole.  *See Schlessler v. Kemper*, No. 14-1033 (7th Cir. Jan. 10,

---

[1] The Court has amended the caption eliminating Respondents Wisconsin Parole Commission, Kathleen Nagel, and Steve Landerman because they are dismissed from this action.  The only proper respondent in an action for habeas corpus relief is the person who has custody of the petitioner.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  In this instance Schlessler is in the custody of Paul Kemper, the Warden of the Racine Correctional Institution.

2014).

On January 10, 2014, Schlessler filed his motion to file his successive petition in this District. The Clerk of Court considered the document as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Subsequently, Schlessler filed a motion for leave to file an amended petition pursuant to §§ 2241 and 2254. The Court granted his request on January 31, 2014. Schlessler filed a timely petition using this District's form for § 2241 petitions, rather than its form for § 2254 petitions. Schlessler's choice of forms occasions the following discussion and order.

Section 2241 of Title 28 of the United States Code is the general statute empowering federal courts, justices, and judges to grant writs of habeas corpus. Probation is a form of custody, *Minnesota v. Murphy,* 465 U.S. 420, 430 (1984). Because Schlessler is in custody pursuant to a state judgment, his request for relief is governed by § 2254. *See Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000); *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (citation omitted) (holding a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.") This rule applies not only to challenges to a conviction or sentence, but also to challenges to conditions of probation. *Williams,* 336 F.3d at 579-80.

Section 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. *Walker,* 216 F.3d at 633. "Roughly

speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.*

However, before this Court may re-characterize the § 2241 petition as a § 2254 petition, it must notify Schlessler that such a re-characterization may bar a later habeas challenge because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. *See Castro v. United States,* 540 U.S. 375, 385 (2003). Thus, the Court will afford Schlessler an opportunity to withdraw his petition or amend it to contain all § 2254 claims he wants to assert, in order to avoid a bar on any additional claims as "second or successive."

No later than May 23, 2014, Schlessler must file a statement informing the Court whether he is withdrawing his § 2241 petition or consenting to the re-characterization of his § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case. The Clerk of Court will send a copy of the District's § 2254 petition form petition with his copy of this Decision and Order. Schlessler is advised that if he does not respond to this Decision and Order by May 23, 2014, he will be deemed to have withdrawn his petition and the Court will dismiss this action.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Wisconsin Parole Commission, Kathleen Nagel, and Steve Landerman are **DISMISSED** from this action;

The Clerk of Court is **DIRECTED** to include a copy of the District's § 2254 form with Schlesser's copy of this Decision and Order**;**

**No later than May 23, 2014,** Schlessler **MUST FILE** a statement informing the Court whether he is withdrawing his § 2241 petition or consenting to the re-characterization of his § 2241 petition as a § 2254 petition, or file a § 2254 petition in this case; and,

If Schlessler does not respond to this Order **by May 23, 2014,** he will be deemed to have withdrawn his petition and this action will be **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**