**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**BRIAN K. SCHESSLER,**

        Petitioner,

        v.                                                   Case No.  14-C-25

**PAUL KEMPER,**
**Warden, Racine Correctional Institution,**

        Respondent.

## DECISION AND ORDER

*Motion to Withdraw and For Leave to File*

Pro se Petitioner Brian K. Schessler ("Schessler"), who is serving a Wisconsin prison sentence, promptly responded to this Court's April 22, 2014, Order (ECF No. 9), with a motion to withdraw his § 2241 application and for leave to file a proposed § 2254 petition (ECF Nos. 10, 10-1) challenging the denial of his request for parole by the Wisconsin Department of Corrections ("DOC") Parole Commission.  These requests are consistent with the April 22, 2014, Order, and are granted.

His motion also requests that the Court consider his memorandum of law and appendix attached to his "petition," implicitly referring to the memorandum of law and appendix he filed earlier in this action.  (ECF Nos. 7, 7-1.)  This request is also granted.

*Rule 4 Review*

The Court now considers this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response . . .

The Court is obliged to give Schessler's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Schessler is currently serving a 25-year sentence imposed by the Circuit Court for Milwaukee Country, Wisconsin on June 30, 2007, following his conviction for first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1). The first-degree sexual assault was committed in 1997. (See App. 11 [unnumbered] (DOC Parole Commission Presumptive Mandatory Release ("PMR") Review dated Oct. 8, 2013).)

In his petition, Schessler states he is being held beyond his mandatory release date. (Pet. 6.) However, because of the year of the crime (1997)[1] and the type of

---

[1] *State ex rel. Gendrich v. Litscher,* 246 Wis. 2d 814, 822, 632 N.W. 2d 878, 883 (Wis. Ct. App. 2001) states "[t]he presumptive mandatory release scheme provides that for a prisoner **sentenced** for a serious felony between April 21, 1994, and December 31, 1999, the mandatory release date is presumptive." (Emphasis added). Section § 302.11(1g)(am) of the Wisconsin Statutes reads "[t]he mandatory release date established in sub. (1) is a presumptive mandatory release date for an inmate who is serving a sentence for a serious felony **committed** on or after April 21, 1994, but before December 31, 1999." *See id*. at 882 n.7. (Emphasis added).

*Gendrich* replaces the word "committed" with the word "sentenced." The replacement

*Rule 4 Review*

The Court now considers this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Court which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response . . .

The Court is obliged to give Schessler's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Schessler is currently serving a 25-year sentence imposed by the Circuit Court for Milwaukee Country, Wisconsin on June 30, 2007, following his conviction for first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1). The first-degree sexual assault was committed in 1997. (See App. 11 [unnumbered] (DOC Parole Commission Presumptive Mandatory Release ("PMR") Review dated Oct. 8, 2013).)

In his petition, Schessler states he is being held beyond his mandatory release date. (Pet. 6.) However, because of the year of the crime (1997)[1] and the type of

---

[1] *State ex rel. Gendrich v. Litscher,* 246 Wis. 2d 814, 822, 632 N.W. 2d 878, 883 (Wis. Ct. App. 2001) states "[t]he presumptive mandatory release scheme provides that for a prisoner **sentenced** for a serious felony between April 21, 1994, and December 31, 1999, the mandatory release date is presumptive." (Emphasis added). Section § 302.11(1g)(am) of the Wisconsin Statutes reads "[t]he mandatory release date established in sub. (1) is a presumptive mandatory release date for an inmate who is serving a sentence for a serious felony **committed** on or after April 21, 1994, but before December 31, 1999." *See id*. at 882 n.7. (Emphasis added).

*Gendrich* replaces the word "committed" with the word "sentenced." The replacement

crime (first degree sexual assault), the crime falls within ambit of Wis. Stat. §§ 302.11(1g)(a)(2) and (am), which provide that the mandatory release date established by Wis. Stat. § 302.11(1) is a PMR date. Thus, Schessler is actually challenging the denial of parole prior to his PMR.

His petition raises three grounds for relief: the Parole Commission's action to hold him beyond his mandatory release date was arbitrary, oppressive and unreasonable, representing its will and not its judgment; he has a liberty interest in being free from the unwarranted administration of involuntary treatment; and the state created a liberty interest by demanding that he complete treatment programs as a precondition for his release. (Pet. 6-8a.)

The Court's initial review of habeas petitions requires determining whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief. 28 U.S.C. § 2254(b)(1)(A). In order to comply with this requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

---

results in a misinterpretation of the statute because it changes the focus of the time frame from the date of the commission of a listed offense to the date of the sentencing for the offense.

The misinterpretation does not make a difference if both the date a listed offense was committed **and** the date of the sentencing are on or after April 21, 1994, and before December 31, 1999. However, in Schessler's situation it makes a difference because he committed a listed offense in 1997 but was not sentenced for it until 2007.

Schessler states that he has not exhausted his state remedies because parole actions are exempt from all administrative remedies either by statute or by Wis. Admin. Code § DOC 310.08(2)(c). He states he has "chosen to pursue a *Petition for [a] Writ of Habeas Corpus*." (Mem. 3.) He does, however, acknowledge that parole issues may be appealed to a Wisconsin circuit court by means of a common law writ of certiorari. *See* Wis. Stat. § 302.11(1g)(d).[2] Constitutional challenges to denials of PMR are within the scope of an action for common law certiorari review under Wisconsin law. *See State ex rel. Britt v. Gamble,* 257 Wis. 2d 689, 698, 653 N.W. 2d 143, 148 (Wis. Ct. App. 2002); *Gendrich,* 632 N.W. 2d at 883. If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan,* 250 F.3d 506, 508-09 (7th Cir. 2001). Wisconsin's post-deprivation remedies must be exhausted because they provide adequate protection of a prisoner's due process rights. *Id.* (denying habeas corpus petition). Schessler has failed to exhaust his state remedies.

Moreover, claim one essentially asserts that the Parole Commission's decision does not meet the state standard for the common law certiorari review of such a decision. *See Gendrich,* 632 N.W. 2d at 881 (setting forth the state standard for common law certiorari review). It is not a federal statutory or constitutional claim.

---

[2] Section 302.11(1g)(d) states as follows: "An inmate may seek review of a decision by the parole commission relating to the denial of presumptive mandatory release only by the common law writ of certiorari."

With respect to claims two and three which are presented as Fourteenth Amendment substantive and procedural due process claims based on a liberty interest, Wisconsin state prisoners do not have a protected liberty interest in discretionary parole, *see Grennier v. Frank,* 453 F.3d 442, 444 (7th Cir. 2006). The court of appeals also found no denial of Grennier's rights in the requirement that he complete sex-offender treatment, noting that "[p]arole officials who become more concerned with public safety — and who act on that concern by insisting that prisoners complete sex-offender treatment programs before release — do not violate the Constitution." *Id.* at 445. The constitutional issues presented by Schessler's petition are foreclosed by *Grennier*, and plainly without merit.

Despite a liberal construction, review of the petition, brief, and appendix establish that Schessler's petition must be dismissed for failure to exhaust administrative remedies and for failure to state an arguable constitutional claim. His petition must be dismissed on Rule 4 review because it is plainly without merit.

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. When the Court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). A petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. And a petitioner must show that reasonable jurists

would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* Schessler failed to exhaust his state remedies and he does not state an arguable constitutional claim for relief. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Schessler's motion to withdraw his § 2241 application and for leave to file a proposed § 2254 petition (ECF Nos. 10, 10-1) is **GRANTED**;

The Clerk of Court is **DIRECTED TO FILE** Schessler's proposed petition (ECF No 10-1);

Schessler's petition is **DISMISSED** with prejudice for failure to exhaust his state remedies and failure to state a claim for relief;

The Court declines to issue a certificate of appealability; and

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2014.

        **BY THE COURT:**

        */s/ Rudolph T. Randa*
        **HON. RUDOLPH T. RANDA**
        **U.S. District Judge**